UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1677 JVS (KES) | Date | March 30, 2020 |
| Title | Shutao Lin v. The Gabonese Republic | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| | |
|---|---|
| Lisa Bredahl | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion for Entry of Default Judgment**

Plaintiff Shutao Lin ("Lin") moves for entry of default judgment against the Gabonese Republic ("Gabon"). Mot., Docket No. 24. Gabon has not opposed the motion.

For the following reasons, the Court **DENIES** the motion for entry of default judgment.

### I. BACKGROUND

Upon default, the factual allegations in the complaint are taken as true, except for those regarding damages. See Pope v. United States, 323 U.S. 1, 12 (1944); Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). Lin filed his Complaint on September 3, 2019. Compl., Docket No. 1. The Complaint alleges the following.

In February 1994, Patrice Nguema ("Nguema"), a Gabonese national and the exclusive agent of the Office of the Transgabonais Railway ("OCTRA"), contacted Lin, a scrap metal trader, regarding a contract to remove scrap metal. Id. ¶¶ 12-14. In July of 1994, Lin was invited by Gabon's Agriculture and Transportation Ministers to visit Gabon, finalize the contract, and begin the work. Id. ¶ 16. While Lin was in Gabon, he and Gabonese officials negotiated the contract specifics, namely:

(a) a flat fee cost of $20 per metric ton payable to OCTRA;
(b) expenses of gathering scrap along the rail route;
(c) scrap off-loading at Owendo;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-1677 JVS (KES)                         Date  March 30, 2020

Title     Shutao Lin v. The Gabonese Republic

    (d)    sea freight charges from Owendo to buyers;
    (e)    vessel loading and insurance;
    (f)    daily overhead costs; and
    (g)    banking charges for financial services, letters of credit, and wire transfers.
Id. ¶¶ 19-21.

Following the negotiations and Lin's investigations, Lin drafted a contract and sent it to the Secretary-General of Gabon's Ministry of Transportation. Id. ¶ 24. On August 23, 1994, Lin and OCTRA signed the contract. Id. ¶ 25.

After assembling his team and obtaining equipment, Lin returned to Gabon between November 2-7, 1994 to begin work. Id. ¶¶ 26-27. However, Gabonese officials seized Lin's equipment and held them for ransom, initially for $50,000, but lowering it to $2,000. Id. ¶¶ 29-30. After Lin paid it, Gabon still refused to release his equipment, demanding additional money be paid. Id. ¶¶ 30-31. Gabonese officials threatened to, and subsequently did, harass Lin's employees, attempt to seize passports, hold Lin and his employees at gunpoint, etc. Id. ¶ 35. On December 2, 1994, after Lin refused to pay their demands, Gabon terminated the contract. Id. ¶ 36. Lin later found out that Gabon had actually signed an identical contract with a different company only one week after signing the contract with Lin. Id. Although Lin had his passport temporarily seized, he was able to eventually return home. Id. ¶ 40. However, Gabon never returned Lin's equipment. Id. ¶ 64.

Lin alleges the following causes of action: (1) breach of written contract; (2) promissory estoppel; (3) conversion; and (4) petition for recognition of foreign-country money judgment pursuant to the Uniform Foreign-Country Money Judgments Recognition Act and California Code of Civil Procedure §§ 1713-24. Id. ¶¶ 41-77.

Lin previously and successfully litigated these claims in the District Court of Amsterdam, receiving a judgment on December 14, 2005. Id. ¶ 74. After Gabon challenged the ruling, the District Court of Amsterdam reaffirmed on December 8, 2010. Id. ¶ 76.

## II.  LEGAL STANDARD

Before a court can enter a default judgment against a defendant, a plaintiff must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1677 JVS (KES) | Date | March 30, 2020 |
| Title | Shutao Lin v. The Gabonese Republic | | |

satisfy the procedural and substantive requirements for default judgment.

    1.    Procedural Requirements

For a default judgment, a plaintiff must satisfy the procedural requirements of the Federal Rules of Civil Procedure. Rule 54(c) states that a default judgment cannot grant relief that is different from the requested relief in a complaint. Fed. R. Civ. P. 54(c). Under Rule 55(a), a clerk must enter a default when a defendant has failed to plead, defend, or appear in any form. Fed. R. Civ. P. 55(a). Lastly, if a defaulting party has appeared in an action, then a plaintiff needs to serve a motion for default on the defaulting party. Fed. R. Civ. P. 55(b)(2).

In addition, a party seeking a default judgment must satisfy the requirements of Local Rule 55-1. To satisfy Local Rule 55-1, a plaintiff needs to submit a declaration establishing (1) when the clerk entered a default, (2) who the clerk entered the default against, (3) whether the defaulting party is an infant or incompetent, (4) whether the defaulting party is a member of the U.S. military; and (5) whether the plaintiff served a notice of the motion on the defaulting party, if required by Rule 55(b)(2). L.R. 55-1.

    2.    Substantive Requirements

The Ninth Circuit has identified seven factors (together, the "Eitel factors") that a court considers when determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at issue; (5) the possibility of a dispute regarding material facts; (6) whether the defendant's default was because of excusable neglect; and (7) the strong policy favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### III. DISCUSSION

**A.    Entry of Default Judgment**

    1.    Procedural Requirements

Lin has met the procedural requirements under Fed. R. Civ. P. 55. Gabon has not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1677 JVS (KES) | Date | March 30, 2020 |
| Title | Shutao Lin v. The Gabonese Republic | | |

responded at all in this action. Therefore, Lin was not required to send his motion for default to Gabon. Although it appears Gabon responded to an earlier action in the District Court of Amsterdam, it consisted of a late challenge to that court's default judgment ruling, in which the challenge was ultimately denied. Compl. ¶ 76.

Lin has also satisfied all of the requirements under Local Rule 55-1. Declaration of Shutao Lin ("Lin Decl."), Docket No. 24-1, ¶ 31. Specifically, Lin states that default against Gabon was entered on January 7, 2020, that Gabon is not an infant, incompetent person, a member of the military, nor exempt under the Service Members Civil Relief Act, and that notice of the motion was not required to be served. Id.

Therefore, the Court considers whether the Eitel factors favor a default judgment.

2. Substantive Requirements

*I. Possibility of Prejudice to Plaintiff*

Lin has been forced to continuously litigate this claim for years. Lin has incurred costs and fees to prosecute this action. The Court entered default against Gabon on January 7, 2020, and Gabon has remained unresponsive. Thus, the first Eitel factor favors default judgment.

*II. Substantive Merits and Sufficiency of Complaint*

Taken together, the second and third Eitel factors, related to the merits of a plaintiff's claims and the sufficiency of the complaint, address whether the party seeking default judgment has stated a claim upon which it may recover. See, e.g., Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498–99 (C.D. Cal. 2003) (citing PepsiCo Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002)).

Lin's first three claims - breach of a written contract, promissory estoppel, and conversion - are claims in which Lin can no longer recover. First, Lin failed to include an English version of the alleged contract between he and the Gabonese Republic. According to Local Rule 3-2, case initiating documents and "all concurrently filed documents must be prepared in the English language." However, if an "English translation is concurrently provided," this requirement can be excepted. C.D. Cal. R. 11-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-1677 JVS (KES)                    Date   March 30, 2020

Title   Shutao Lin v. The Gabonese Republic

3.10. Because Lin only provided the French version, it is impossible for this Court to determine the terms of the contract.

Lin also failed to indicate which law governs. Should Gabonese law be controlling, Lin did not provide the required notice. Federal Rule of Civil Procedure 44.1 requires that a "party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing." This notice must be given to the Court and all other parties. Fed. R. Civ. P. 44.1, Advisory Committee's note; DP Aviation v. Smiths Indus. Aero. & Def. Sys., 268 F.3d 829, 846 (9th Cir. 2001) (citing 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2444 (2d ed. 1995)). Should California law apply instead, these claims are barred by their individual statutes of limitations. Cal. Code Civ. Proc. § 337 (breach of written contract and promissory estoppel based on a written instrument claims are limited to a four year statute of limitations); Cal. Code Civ. Proc. § 338 (conversion claims have a three year statute of limitations). Because Lin alleges Gabon's wrongful conduct occurred in 1994, these claims would be barred by the applicable statutes of limitations under California law. Compl. ¶¶ 42-47, 51, 59.

Lin's final claim seeks recognition of a foreign country judgment pursuant to the Uniform Foreign-Country Money Judgments Recognition Act. Id. ¶¶ 65-77; Cal. Code Civ. Proc. § 1713, *et seq.* This Act applies to the judgment of a foreign country that both grants or denies recovery and is final, conclusive, and enforceable. Cal. Code Civ. Proc. § 1715. The party seeking recognition has the burden of establishing these elements. Id. Lin asks this Court to recognize a 2010 judgment by the District Court of Amsterdam. Compl. ¶ 76. This judgment reaffirmed a 2005 default judgment granting recovery of money damages to Lin after Gabon challenged the initial default judgment, and was a final and enforceable judgment. Id. ¶¶ 74-77. While Lin supplied the 2005 judgment (Lin Decl., Ex. 2), he did not provide the 2010 judgment of the District Court of Amsterdam that this claim is based on. For that reason, Lin's complaint as to this cause of action is also insufficient.

Accepting all these factors as true, the second and third Eitel factors weigh heavily against the entering of default.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-1677 JVS (KES)                                   Date  March 30, 2020

Title      Shutao Lin v. The Gabonese Republic

### III.  *Sum of Money at Issue*

The fourth Eitel factor examines whether a sum of money at stake is proportionate to the plaintiff's harm.  Landstar Ranger, Inc. v. Parth Enters., Inc., 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010).  Lin seeks a base relief of $25,433,122 plus interest.  See Compl. at 15; Mot. at 10, 14.

The $25,433,122 amount is reasonable given this was the amount Gabon was ordered to pay Lin by the District Court of Amsterdam in the judgment Lin now asks this Court to recognize.  See Lin Decl., Ex. 2.  This amount is also reasonable because it is directly proportional to the harm Lin suffered as shown by the expert report conducted by William George Prast.  Lin Decl., Ex. 3, ¶¶ 7.0-7.6; Mot. at 12.  Lin could have also requested the costs of proceedings in the Amsterdam tribunal, but does not do so here. Id.

Because Lin has provided the expert report that was the basis of the Amsterdam judgment, the fourth Eitel factor weighs in favor of entering default.

### IV.  *Possibility of a Dispute Regarding Material Facts*

Lin contends that there is little possibility of dispute regarding these claims because he has supported his claims with evidence and that Gabon has not disputed these claims except for an attempt to frustrate Lin's efforts to collect his judgment.  Mot. at 10.  The Court agrees.  In addition, since Gabon has had plenty of opportunity to dispute these claims over the years in other jurisdictions and has largely failed to do so, as it has so far in this action, it is unlikely to dispute these claims now.  Gabon's only challenge in the District of Amsterdam came five years after the initial judgment and was denied.  See Compl. ¶ 76.

This factor also favors entry of default against Gabon.

### V.  *Excusable Neglect*

"Due process requires that all interested parties be given notice reasonably calculated to apprise them of the pendency of the action and be afforded opportunity to present their objections before a final judgment is rendered."  Phillip Morris, 219 F.R.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-1677 JVS (KES)                   Date  March 30, 2020

Title  Shutao Lin v. The Gabonese Republic

at 500-01 (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).  Excusable neglect is unlikely when a defendant is properly served and, therefore, aware of a plaintiff's pending action in court.  Wecosign, Inc., v. IFG Holdings, Inc., 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012).

Here, Lin properly served the Gabonese Republic.  Lin followed the procedures for mailing under 28 U.S.C. § 1608(a)(3) by arranging for delivery of his Complaint and a translation to the Gabonese Ministry of Foreign Affairs.  Mot. at 5; Docket Nos. 15, 17, 20.  Gabon also has a history of refusing to respond, as shown by its refusal to respond in Lin's action in the District Court of Amsterdam.  See Lin. Decl., Ex. 2.  Given Gabon has not responded since the Complaint was filed on September 3, 2019, the default likely did not result from excusable neglect.  Thus, this factor also weighs in favor of entry of default.

### *VI.   Policy Favoring Decision on the Merits*

"Cases should be decided upon their merits wherever possible."  Eitel, 782 F.2d at 1472.  However, failure to appear makes it impractical for the Court to make a decision on the merits.  Penpower Tech. Ltd. v. S.P.C. Tech., 627 F.2d 1083, 1093 (N.D. Cal. 2008).  Here, Gabon has failed to respond. Thus, this factor does not preclude default judgment.

While Lin met the procedural requirements for entry of default judgment, after considering the Eitel factors, the Court finds that Lin has not adequately alleged claims on which he can recover.  As a result, the Court **DENIES** the Motion for Entry of Default Judgment against Gabon without prejudice.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion for Entry of Default Judgment without prejudice.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1677 JVS (KES) | Date | March 30, 2020 |
| Title | Shutao Lin v. The Gabonese Republic | | |

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |