JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 19-1677 JVS (KES)                                    Date   August 12, 2020

Title   **Shutao Lin v. The Gabonese Republic**

| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |
|---|---|
| Lisa Bredahl | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS]** Order Regarding Motion for Default Judgment

Plaintiff Shutao Lin ("Lin") moves for entry of default judgment against the Gabonese Republic ("Gabon"). Mot., Dkt. No. 33. Gabon has not opposed the motion.

For the following reasons, the Court **GRANTS** in part and **DENIES** in part the amended motion for entry of default judgment.

**I. BACKGROUND**

Upon default, the factual allegations in the complaint are taken as true, except for those regarding damages. See Pope v. United States, 323 U.S. 1, 12 (1944); Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977). Lin filed his Complaint on September 3, 2019. Compl., Dkt. No. 1. The Complaint alleges the following.

In February 1994, Patrice Nguema ("Nguema"), a Gabonese national and the exclusive agent of the Office of the Transgabonais Railway ("OCTRA"), contacted Lin, a scrap metal trader, regarding a contract to remove scrap metal. Id. ¶¶ 12-14. In July of 1994, Lin was invited by Gabon's Agriculture and Transportation Ministers to visit Gabon, finalize the contract, and begin the work. Id. ¶ 16. While Lin was in Gabon, he and Gabonese officials negotiated the contract specifics, namely:

(a) a flat fee cost of $20 per metric ton payable to OCTRA;

(b) expenses of gathering scrap along the rail route;

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-1677 JVS (KES)                Date  August 12, 2020

Title  **Shutao Lin v. The Gabonese Republic**

    (c) scrap off-loading at Owendo;

    (d) sea freight charges from Owendo to buyers;

    (e) vessel loading and insurance;

    (f) daily overhead costs; and

    (g) banking charges for financial services, letters of credit, and wire transfers.

Id. ¶¶ 19-21.

    Following the negotiations and Lin's investigations, Lin drafted a contract and sent it to the Secretary-General of Gabon's Ministry of Transportation. Id. ¶ 24. On August 23, 1994, Lin and OCTRA signed the contract. Id. ¶ 25.

    After assembling his team and obtaining equipment, Lin returned to Gabon between November 2-7, 1994 to begin work. Id. ¶¶ 26-27. However, Gabonese officials seized Lin's equipment and held them for ransom, initially for $50,000, but lowering it to $2,000. Id. ¶¶ 29-30. After Lin paid the amount, Gabon still refused to release his equipment, demanding additional money be paid. Id. ¶¶ 30-31. Gabonese officials threatened to, and subsequently did, harass Lin's employees, attempt to seize passports, hold Lin and his employees at gunpoint, etc. Id. ¶ 35. On December 2, 1994, after Lin refused to pay their demands, Gabon terminated the contract. Id. ¶¶ 32, 36. Lin later found out that Gabon had actually signed an identical contract with a different company only one week after signing the contract with Lin. Id. Although Lin had his passport temporarily seized, he was able to eventually return home. Id. ¶ 40. However, Gabon never returned Lin's equipment. Id. ¶ 64.

    Lin alleges the following causes of action: (1) breach of written contract; (2) promissory estoppel; (3) conversion; and (4) petition for recognition of foreign-country money judgment pursuant to the Uniform Foreign-Country Money Judgments Recognition Act and California Code of Civil Procedure §§ 1713-24. Id. ¶¶ 41-77.

    Lin previously and successfully litigated these claims in the District Court of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-1677 JVS (KES)                                Date  August 12, 2020

Title  **Shutao Lin v. The Gabonese Republic**

Amsterdam, receiving a judgment on December 14, 2005.  Id. ¶ 74.  After Gabon challenged the ruling, the District Court of Amsterdam reaffirmed on December 8, 2010.  Id. ¶ 76.

## II. LEGAL STANDARD

Before a court can enter a default judgment against a defendant, a plaintiff must satisfy the procedural and substantive requirements for default judgment.

### 1. Procedural Requirements

For a default judgment, a plaintiff must satisfy the procedural requirements of the Federal Rules of Civil Procedure.  Rule 54(c) states that a default judgment cannot grant relief that is different from the requested relief in a complaint.  Fed. R. Civ. P. 54(c).  Under Rule 55(a), a clerk must enter a default when a defendant has failed to plead, defend, or appear in any form.  Fed. R. Civ. P. 55(a).  Lastly, if a defaulting party has appeared in an action, then a plaintiff needs to serve a motion for default on the defaulting party.  Fed. R. Civ. P. 55(b)(2).

In addition, a party seeking a default judgment must satisfy the requirements of Local Rule 55-1.  To satisfy Local Rule 55-1, a plaintiff needs to submit a declaration establishing (1) when the clerk entered a default, (2) who the clerk entered the default against, (3) whether the defaulting party is an infant or incompetent, (4) whether the defaulting party is a member of the U.S. military; and (5) whether the plaintiff served a notice of the motion on the defaulting party, if required by Rule 55(b)(2).  L.R. 55-1.

### 2. Substantive Requirements

The Ninth Circuit has identified seven factors (together, the "Eitel factors") that a court considers when determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at issue; (5) the possibility of a dispute regarding material facts; (6) whether the defendant's default was because of excusable neglect; and (7) the strong policy favoring decisions on the merits.  Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 19-1677 JVS (KES)                           Date   August 12, 2020

Title   **Shutao Lin v. The Gabonese Republic**

### III. DISCUSSION

This Court has twice denied Lin's motion for default judgment without prejudice. Dkt., 28, 32. Lin again asks the Court to enter default judgment against Gabon.

**A.   Default Judgment**

  1.   Procedural Requirements

Lin has met the procedural requirements under Fed. R. Civ. P. 54 and 55. Lin requested the same relief of monetary damages, plus interest, in his amended motion for default judgment as he did in his Complaint. See Compl., 15; Mot., 12. Further, Gabon has not responded at all in this action. Therefore, Lin was not required to send his amended motion for default judgment to Gabon. Although it appears Gabon responded to an earlier action in the District Court of Amsterdam, it consisted of a late challenge to that court's default judgment ruling, in which the challenge was ultimately denied. Compl. ¶ 76.

Moreover, Lin has satisfied all of the requirements under Local Rule 55-1. Declaration of Shutao Lin ("Lin Decl."), Dkt. No. 33-1, ¶ 38. Specifically, Lin states that default against Gabon was entered on January 7, 2020, that Gabon is not an infant, incompetent person, nor a member of the military, and that notice of the motion was not required to be served. Id.

Therefore, the Court considers whether the Eitel factors favor a default judgment.

  2.   Substantive Requirements

    *(a)   Possibility of Prejudice to Plaintiff*

Lin has been forced to continuously litigate this claim for years. Lin has incurred costs and fees to prosecute this action. The Court entered default against Gabon on January 7, 2020, and Gabon has remained unresponsive. Dkt. No. 21. Thus, the first Eitel factor favors default judgment.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1677 JVS (KES) | Date | August 12, 2020 |
| Title | **Shutao Lin v. The Gabonese Republic** | | |

*(b)    Substantive Merits and Sufficiency of Complaint*

Taken together, the second and third Eitel factors, related to the merits of a plaintiff's claims and the sufficiency of the complaint, address whether the party seeking default judgment has stated a claim upon which it may recover.  See, e.g., Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498–99 (C.D. Cal. 2003) (citing PepsiCo Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002)).

In his Notice of Intention to Raise Issues of Foreign Law, Lin asserted his intention to raise issues of Gabonese law, including the portions of French law and the Organization for the Harmonization of Business law in Africa ("OHADA") to which Gabon subscribes.  Not., Dkt. No. 30.  Lin argues that, pursuant to the law of OHADA, his first three claims–breach of a written contract, promissory estoppel, and conversion–are not barred by the statute of limitations because ongoing litigation between 1995 to 2016 has tolled each cause of action.  Mot. at 9-12.

The statute of limitations for claims arising from "trade between merchants or between merchants and non-merchants" is five years.  Unif. Act on Gen. Commercial Law, bk. I, art. 16.  The statutory period begins on the date the condition for the cause of action materializes.  Id. at 19.  The commencement of legal proceedings interrupts the statutory period, with the five year statutory period beginning anew at the conclusion of the interruption.  Id. at 22, 23.

Here, Lin alleges that Gabon breached the contract on or around August 30, 1994.  Compl. ¶ 47.  Therefore, the statute of limitations for the first three of Lin's claims began to run on or around August 30, 1994.  See Unif. Act on Gen. Commercial Law, bk. I, art. 19.  However, Lin alleges that he "was in litigation of some sort with [Gabon] from 1995 to 2016" and therefore his claims are not time barred.  Mot. at 10.  Specifically, Lin argues that he previously litigated these claims in the District Court of Amsterdam, receiving a judgment on December 14, 2005 (Lin Decl., Ex. 3.) and an affirmed judgment on December 8, 2010.  Compl. ¶¶ 74, 76.  In his declaration, Lin also alleges that litigation of these claims continued through September 30, 2016.  Lin Decl. ¶¶ 26-36.

To support his claims, Lin attaches the Netherlands Supreme Court ruling which vacated the 2005 judgment in 2014.  Lin Decl., Ex. 7.  Lin alleges that he then levied

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-1677 JVS (KES)                              Date  August 12, 2020

Title    **Shutao Lin v. The Gabonese Republic**

prejudgment third-party attachments against Gabon in November 2015 and attaches a translated copy of the "Preventative Leave Garnishment Application" filed on or about November 16, 2015.  Mot. at 11; Lin Decl., Ex. 8.  Further, Lin attaches a translated copy of the Amsterdam District Court's interlocutory ruling dated September 30, 2016, where the Dutch Supreme Court ultimately ruled that Lin could not carry his burden of proof.  Mot. at 11; Lin Decl., Ex. 10.  Lin subsequently filed the instant matter on September 3, 2019.

Lin's allegations taken as true, establish that the final legal proceeding concluded on September 30, 2016.  Subsequently, Lin timely filed this action within five years from that date.  Because Lin has provided translated copies of his ongoing litigation in Dutch courts, he has provided proof of the subsequent judgments upon which his claims rely. See Lin Decl., Exs 3, 5-10.  Thus, the Court is able to determine the final date to which the statute of limitations tolled (September 30, 2016) and thereby finds that Lin timely brought this action.  Lin has therefore adequately alleged that the five-year statute of limitations was sufficiently tolled to render his first three claims within the statutory period at the time he filed his Complaint.  Further, Lin has provided a copy of the agreement made between he and Gabon.  See Lin Decl. Ex. 1.  Accordingly, Lin has shown that he can recover under his claims for breach of contract, promissory estoppel, and conversion.

Lin's final claim seeks recognition of a foreign country judgment pursuant to the Uniform Foreign-Country Money Judgments Recognition Act.  Compl. ¶¶ 65-77.  This Act applies to the judgment of a foreign country that both grants or denies recovery and is final, conclusive, and enforceable.  Cal. Code Civ. Proc. § 1715.  The party seeking recognition has the burden of establishing these elements.  Id.  Lin asks the Court to recognize the 2010 judgment by the District Court of Amsterdam.  Compl. ¶ 76.  This judgment reaffirmed the 2005 default judgment granting recovery of money damages to Lin after Gabon challenged the initial default judgment, and was a final and enforceable judgment.  Id. ¶¶ 74-77.  Lin has supplied a translated copy of both the 2005 judgment (Lin Decl., Ex. 3) and the 2010 judgment of the District Court of Amsterdam upon which this claim is based upon (Lin Decl., Ex. 6).  However, Lin's claim still fails because as he admits, the judgment is no longer enforceable since it was vacated by the Netherlands Supreme Court.  See Mot. at 11; Lin Decl., Ex. 7.  Therefore, contrary to Lin's assertions, the foreign country judgment is not "enforceable and ripe" and for this reason, Lin's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1677 JVS (KES) | Date | August 12, 2020 |
| Title | **Shutao Lin v. The Gabonese Republic** | | |

Complaint as to this cause of action is insufficient.

Thus, Lin has adequately stated a claim for breach of contract, promissory estoppel, and conversion, but has failed to establish a claim for recognition of a foreign judgment in the Complaint. For the foregoing reasons, the second and third Eitel factors weigh in favor of entering of default as to Lin's claims.

      *(c)    Sum of Money at Issue*

The fourth Eitel factor examines whether a sum of money at stake is proportionate to the plaintiff's harm. Landstar Ranger, Inc. v. Parth Enters., Inc., 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). Putting aside Lin's insufficient recognition of foreign judgment claim, Lin seeks monetary relief in the amount of $733,122 for breach of contract, $10,000,000 for promissory estoppel, and $10,000,000 for conversion, plus pre-judgment interest (amounting to $1,282,963.50), post-judgment interest, and costs. See Compl ¶ 77.

The $20,733,122 amount is reasonably proportionate to the harm caused by Gabon, as shown by the expert report of William George Prast. Lin Decl., Ex. 4 ¶¶ 7.1-7.5. While the Court generally accepts the factual allegations of the complaint as true on a motion for default judgment, the court cannot accept as true those allegations relating to the amount of damages. See Geddes , 559 F.2d at 560. However, because Lin supports his allegations with an expert report (Lin Decl., Ex. 4) and a copy of his contract with Gabon (Lin Decl., Ex. 1), his allegations have evidentiary support. Thus, the Court finds that the $20,733,122 amount is proportionate to Lin's harm.

Lin additionally seeks $1,282,963.50 in prejudgment interest which represents an annual interest rate of seven percent for each of the twenty-five years since 1995 for his breach of contract claim. See Mot. at 14. "State law generally governs awards of prejudgment interest in diversity actions, but federal law may apply to the calculation of prejudgment interest when a substantive claim derives from federal law alone." Oak Harbor Freight Lines, Inc. v. Sears Roebuck, & Co., 513 F.3d 949, 961 (9th Cir. 2008). Here, Lin alleges both diversity jurisdiction and subject matter jurisdiction. Compl. ¶¶ 3-6. Therefore, because Lin utilizes the California interest rate of seven percent, the $1,282,963.50 amount is both reasonable and proportionate to his harm. See Cal. Const.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1677 JVS (KES) | Date | August 12, 2020 |
| Title | Shutao Lin v. The Gabonese Republic | | |

art 15, § 1.

Accordingly, the Court finds that the sum of money at issue is proportionate to Lin's harm. The fourth Eitel factor therefore weighs in favor of entering default.

### (d) *Possibility of a Dispute Regarding Material Facts*

Lin contends that there is little possibility of dispute regarding these claims because he has supported his claims with evidence and Gabon has not disputed these claims except to frustrate Lin's efforts to collect his judgment. Mot. at 13. The Court agrees. In addition, because Gabon has had multiple opportunities to dispute these claims over the years in other jurisdictions and has largely failed to do so, as it has so far in this action, it is unlikely to dispute these claims now. Gabon's only challenge in the District of Amsterdam came five years after the initial judgment and was denied. See Compl. ¶ 76.

Accordingly, the fifth Eitel factor also favors entry of default against Gabon.

### (e) *Excusable Neglect*

"Due process requires that all interested parties be given notice reasonably calculated to apprise them of the pendency of the action and be afforded opportunity to present their objections before a final judgment is rendered." Phillip Morris, 219 F.R.D. at 500-01 (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). Excusable neglect is unlikely when a defendant is properly served and, therefore, aware of a plaintiff's pending action in court. Wecosign, Inc., v. IFG Holdings, Inc., 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012).

Here, Lin properly served the Gabonese Republic. Lin followed the procedures for mailing under 28 U.S.C. § 1608(a)(3) by arranging for delivery of his Complaint and a translation to the Gabonese Ministry of Foreign Affairs. Mot. at 7; Dkt. Nos. 15, 17, 20. Gabon also has a history of refusing to respond, as shown by its refusal to respond in Lin's action in the District Court of Amsterdam. See Lin. Decl., Ex. 3. Given that Gabon has not responded since the Complaint was filed on September 3, 2019, the default likely did not result from excusable neglect. Thus, this factor also weighs in favor of entry of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1677 JVS (KES) | Date | August 12, 2020 |
| Title | Shutao Lin v. The Gabonese Republic | | |

default.

          *(f)*     *Policy Favoring Decision on the Merits*

"Cases should be decided upon their merits wherever possible." Eitel, 782 F.2d at 1472. However, failure to appear makes it impractical for the Court to make a decision on the merits. Penpower Tech. Ltd. v. S.P.C. Tech., 627 F.2d 1083, 1093 (N.D. Cal. 2008). Here, Gabon has failed to respond. Thus, this factor does not preclude default judgment.

Lin has met the procedural requirements for entry of default judgment, and after considering the Eitel factors, the Court finds that Lin has adequately alleged three claims on which he can recover. As a result, the Court **GRANTS** in part and **DENIES** in part the amended motion.

**B.**    **Remedies**

      1.    Damages

Damages for breach of contract are available pursuant to Cal. Civ. Code § 3300. The amount of damages is that "which will compensate the party aggrieved for all the detriment proximately caused thereby." Cal Civ. Code § 3300. Lin seeks damages in the amount of $24,700,000 for economic damages incurred as a result of Gabon's actions. See Mot. at 14; Lin Decl. ¶ 31. However, Lin's requested $24,700,000 for economic damages reflects the amount sought under a claim for recognition of a foreign judgment, which the Court has determined to be unenforceable. See Compl. ¶ 77. Therefore, the Court awards Lin damages only for his adequately stated claims which are breach of contract, promissory estoppel, and conversion, but does not award damages where he has failed to establish a claim for recognition of a foreign judgment in the Complaint.

For his adequately pleaded claims, Lin claims $630,000 plus $103,122 for breach of contract, $10,000,000 for promissory estoppel, and $10,000,000 for conversion. See Compl. ¶ 77. All together the amounts claimed for Lin's breach of contract, promissory estoppel, and conversion claims ($630,000 + $103,122 + $10,000,000 + $10,000,000) result in an amount of $20,733,122. Accordingly, the Court concludes that Lin is entitled

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1677 JVS (KES) | Date | August 12, 2020 |
|---|---|---|---|
| Title | **Shutao Lin v. The Gabonese Republic** | | |

to $20,733,122 in damages.

      2.      <u>Prejudgment Interest</u>

    Lin also seeks prejudgment interest which is available pursuant to Cal. Civ. Code § 3289(b). Lin seeks $44,407,963.50, which represents an annual interest rate of seven percent for each of the twenty-five years since 1995. <u>See</u> Mot. at 1, 14. However, here again, the Court cannot award prejudgment interest on the $24,700,000 sought under the recognition of a foreign judgment claim, because it is unenforceable. Therefore, the Court only awards prejudgment interest for $630,000 and $103,122 as sought under the breach of contract claim. <u>See</u> Compl ¶ 77. An annual interest rate of seven percent for each of the twenty five years since 1995 on the amount of $630,000 and $103,122 results in an amount of $1,282,963.50 in prejudgment interest.

    "State law generally governs awards of prejudgment interest in diversity actions, but federal law may apply to the calculation of prejudgment interest when a substantive claim derives from federal law alone." <u>Oak Harbor Freight Lines</u>, 513 F.3d at 961. Here, Lin alleges both diversity jurisdiction and subject matter jurisdiction. Compl. ¶¶ 3-6. Therefore, because Lin utilizes the California interest rate the prejudgment interest amount of $1,282,963.50 is both reasonable and proportionate to his harm. <u>See</u> Cal. Const. art 15, § 1. Accordingly, the Court awards Lin $1,282,963.50 in prejudgment interest.

      3.      <u>Postjudgment interest</u>

    Lin also seeks postjudgment interest. <u>See</u> Mot. at 1. Pursuant to 28 U.S.C. § 1961, postjudgment interest on a district court judgment is mandatory and it "applies to the entire amount of the judgment, including principal, prejudgment interest, attorneys' fees, and costs." <u>Aboulhosn v. Merril Lynch, Pierce, Fenner & Smith Inc.</u>, 940 F. Supp. 2d 1203, 1228 (C.D. Cal. 2013). The applicable interest rate "is equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week. . . preceding the date of the judgment."

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1677 JVS (KES) | Date | August 12, 2020 |
| Title | Shutao Lin v. The Gabonese Republic | | |

28 U.S.C. § 1961(a).  The average for July 30 to August 5, 2020 was 0.12.[1]  Accordingly, Lin is entitled to postjudgment interest at a rate of 0.12% per annum.  See Board of Governors of the Federal Reserve, Selected Interest Rates, (July 10, 2020), https://www.federalreserve.gov/releases/h15/.

    4.    Attorneys' Fees and Costs

Lin seeks his costs expended in this litigation which he vaguely alleges as $300,000.  See Compl. ¶ 77.  Lin is entitled to Attorneys' Fees and Costs.  See Fed. R. Civ. P. 54(d)(1); L.R. 54-3.1, 54-3.2; 55-3.  However, Lin's counsel has not described the experience of each of the attorneys' who have worked on Lin's case or their respected billing rates and has not described what costs were expended in this litigation.  Therefore, until Lin provides the Court with its counsel's billing records and describes his costs expended, the Court cannot conclude that the requested $300,000 is reasonable.

### IV.  CONCLUSION

For the following reasons, the Court **GRANTS** in part and **DENIES** in part the amended motion for entry of default judgment.  Lin shall file any supplement to the attorneys' fees and cost requested within seven days.  The Court further finds that oral argument would not be of benefit in this matter.  Fed. R. Civ. P. 78; L.R. 7-15.

    **IT IS SO ORDERED.**

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |

---

[1] Board of Governors of the Federal Reserve, Selected Interest Rates (Daily)-H.15, Federal Reserve, https://www.federalreserve.gov/releases/h15 (the rates may be found by scrolling down to the section entitled "US government securities - Treasury constant maturities - 1-year," and are 0.11, 0.11, 0.12, 0.14, 0.12 (yields in percent per anum)).